# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON VALES, | CASE NO. 1:10-CV-01438-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTION, | (DOC. 1) |
| Defendant. | RESPONSE DUE WITHIN 30 DAYS |
| _____/ | |

**Screening Order**

**I.    Background**

Plaintiff Clinton Vales ("Plaintiff") was formerly a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on August 9, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint

Plaintiff was previously incarcerated at Pleasant Valley State Prison in Coalinga, California. Plaintiff's suit names the California Department of Corrections and all California state prisons as a Defendant.

Plaintiff alleges the following. Plaintiff does not get exercise yard or education. Plaintiff contends that he has a right to exercise for 1 hour a day, seven days a week. Plaintiff contends that he has a right to two hot meals, and that the meals not be served on dirty trays. Plaintiff contends that he has a right to education or training school. Plaintiff contends that he has a right to a law library at least three times a week. Plaintiff alleges that correctional officers have abused their powers. Plaintiff contends that he has suffered mental anguish because of their abuse.

Plaintiff requests as relief that his rights be returned.

## III.    Analysis

### A.     CDCR and Eleventh Amendment

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff names as Defendant CDCR and its prisons, which are immune from suit by § 1983.

### B.     Linkage Requirement

Plaintiff alleges that correctional officers abused their power. Plaintiff fails to link any

2

defendants to a violation of Plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

### C. Injunctive Relief

Plaintiff requests that his rights be restored. Plaintiff is effectively seeking injunctive relief. Pursuant to Plaintiff's notice change of address, however, Plaintiff has been paroled. Notice of Change of Address, filed Jan. 6, 2011, Doc. 13. Thus, the injunctive relief requested is moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

### D. Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." *Id*. (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

3

1    In addition to failing to link any Defendant to a constitutional violation, Plaintiff fails to
2 allege that any Defendants knew of and disregarded an excessive risk to Plaintiff's health or
3 safety.  *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A] temporary denial of outdoor
4 exercise with no medical effects is not a substantial deprivation."); *Lemaire v. Maass*, 12 F.3d
5 1444, 1456 (9th Cir. 1993) ("The fact that food occasionally contains foreign objects or
6 sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.")
7 (citation and internal quotations omitted); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir.
8 1982) ("Idleness and lack of [vocational and rehabilitative] programs are not Eighth Amendment
9 violations"); *see also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding there is
10 no constitutional right to rehabilitation).

11 **IV.     Conclusion and Order**

12    Plaintiff fails to state any cognizable claims against any Defendants.  The Court will
13 provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies
14 identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
15 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
16 complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

17    If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
18 P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
19 constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the
20 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
21 ."  *Twombly*, 550 U.S. at 555.

22    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
23 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567
24 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded
25 pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
26 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
27 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
28 114 F.3d at 1474.

4

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  April 6, 2011                 /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE