# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON VALES,<br><br>           Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT CORRECTION,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-CV-01438-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

      Plaintiff is a California state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On April 7, 2011, the Court issued an order dismissing Plaintiff's complaint for failure to state a claim, with leave to amend, and served the order on Plaintiff. On April 22, 2011, the order served on Plaintiff was returned by the U.S. Postal Service as undeliverable.

      Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Plaintiff's mail was returned and he has not notified the court of a current address.

      In determining whether to dismiss an action for lack of prosecution, the court must

1  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
2  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
3  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
4  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th
5  Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and
6  the Court's interest in managing the docket weigh in favor of dismissal, as this case has been
7  pending since August 9, 2010.  The Court cannot hold this case in abeyance indefinitely based on
8  Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to
9  defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
10 occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522,
11 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
12 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
13 given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the
14 court apprised of his current address, no lesser sanction is feasible.  The Court warned Plaintiff
15 that, "[i]f Plaintiff fails to comply with this order, the Court will dismiss this action for failure to
16 obey a court order and failure to state a claim."

17     Accordingly, the Court HEREBY ORDERS that this action is dismissed for Plaintiff's
18 failure to prosecute and failure to state a claim.

19     IT IS SO ORDERED.

20     Dated:   **July 6, 2011**          /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

2